UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIJAH UDEOCHU,<br><br>                Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 1:12-cv-00540-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court is Petitioner Elijah Udeochu's request for review of the Respondent's denial of social security benefits, filed on October 26, 2012. (Dkt. 1.) The Court has reviewed the Petition and the Answer, the parties' memoranda, and the administrative record ("AR"), and for the reasons that follow, will affirm the decision of the Commissioner.

## BACKGROUND

Elijah Udeochu ("Petitioner") first applied for Disability Insurance Benefits and Supplemental Security Income on March 10, 2009, alleging disability with an amended

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security Administration on February 14, 2013.

onset date of July 2008, to present. He alleges he suffers from narcolepsy and depression. Petitioner's application was denied initially and on reconsideration. A hearing was conducted on February 9, 2011, before Administrative Law Judge (ALJ) Lloyd Hartford. ALJ Hartford heard testimony from Petitioner and from medical expert Margaret Moore, Ph.D. ALJ Hartford issued a determination on March 31, 2011, finding Petitioner not disabled.

Petitioner petitioned the Appeals Council for review of the ALJ's decision, which was denied on August 29, 2012. Having exhausted his administrative remedies, Petitioner timely filed an appeal with the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Petitioner was born in March of 1985. At the time of the hearing, Petitioner was 25 years of age. Petitioner completed high school and had completed the equivalent of three years of college, studying information technology at Boise State University. Petitioner's prior work experience includes work as a fast food worker, janitor, and customer service representative.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date of October 2005. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's narcolepsy and depression not

**MEMORANDUM DECISION AND ORDER - 2**

severe within the meaning of the Regulations. Therefore, the ALJ did not proceed further, and determined Petitioner not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. §1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not

mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

The evidence concerning the existence of Petitioner's diagnosis of depression and narcolepsy is not in dispute. But the severity of his condition is disputed. Here, the ALJ

**MEMORANDUM DECISION AND ORDER - 4**

found that Petitioner did not have a severe impairment under 20 C.F.R. § 404.1520(c) and § 416.920(c). An impairment or combination of impairments is considered severe if it "significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment is found not severe ... when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Soc. Sec. R. 85–28. If a claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled.

In making his determination that Petitioner's medical conditions were not severe, the ALJ focused on Petitioner's credibility, and rejected the conclusion of Petitioner's treating physician, Dr. Serio, who was of the opinion Petitioner was disabled. Petitioner contends the ALJ's conclusions were error. Further, Petitioner contends that the ALJ failed to fully develop the record because he refused to permit testimony of Petitioner's lay witness; did not consider the record as a whole; and failed to evaluate the severity of Petitioner's narcolepsy under the Programs Operations Manual section DI 24580.005. Finally, Petitioner questions the Hearing Officer's written decision because it was signed by ALJ Kurt Schuman, not ALJ Hartford. In support of his brief on appeal, Petitioner submitted the affidavit of Nurudeen Ibrahim, the witness who was not permitted to testify at the hearing.

1. **Additional Evidence on Appeal**

As an initial matter, Respondent moves the Court in its brief to strike the Affidavit of Nurudeen Ibrahim attached to Petitioner's brief. Because this is an appeal, the Court's

**MEMORANDUM DECISION AND ORDER - 5**

review is limited to pleadings and the transcript of the record pursuant to section 205(g) of the Act. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . .") (referred to as "sentence four") (emphasis added). *See generally Melkonyan v. Sullivan*, 501 U.S. 89, 97-100 (1991). Based on the plain meaning of the statute, a court may not affirm, modify, or reverse the Commissioner's decision based on anything outside of the "pleadings and transcript of the record." 42 U.S.C. § 405(g). The affidavit was not part of the administrative record. Respondent's Motion is granted.

2.  **Credibility**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Reddick*, 157 F.3d at 722. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch*, 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722.

**MEMORANDUM DECISION AND ORDER - 6**

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

Petitioner contends the ALJ erred with respect to his conclusion that Petitioner's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible. Specifically, Petitioner asserts the ALJ did not consider the entirety of the record, including Petitioner's academic history and the University's disability accommodations; his sporadic job history; and Petitioner's testimony about his daily

activities. The Court finds the ALJ did not err with respect to his credibility determination.

Petitioner testified at the hearing that he would fall asleep during the day, his narcolepsy was not well controlled, and he was unable to maintain employment because he would fall asleep. However, the ALJ rejected Petitioner's testimony in large part because Petitioner did not report to his treating physician, Dr. Serio, that he was having debilitating problems. The ALJ noted that Dr. Serio's records indicated Petitioner's narcolepsy was well controlled provided Petitioner took his prescribed medications. On August 4, 2008, Petitioner reported he was "doing very well" on medication, and it was the "best I've ever felt." (AR 384.) By September 19, 2008, Petitioner reported doing much better, he was able to stay awake, and was doing better in school.

On January 22, 2009, Dr. Serio noted Petitioner had "no narcoleptic events," and he felt no follow up was needed until the fall semester. On June 15, 2009, Petitioner reported his medication "works with less SE if takes on empty stomach," and Dr. Serio noted his narcolepsy was "stable." (AR 407.) On December 3, 2009, Petitioner stated he was doing well, his depression and anxiety were under control, and he had no narcoleptic episodes. (AR 480.)

Ten months later, on October 4, 2010, Dr. Serio's chart notes indicated Petitioner's narcolepsy was well managed with medication. Despite being off his medications while incarcerated for a period of six weeks, no evidence was submitted that Petitioner was having problems with narcoleptic episodes. Finally, on March 15, 2010,

**MEMORANDUM DECISION AND ORDER - 8**

Dr. Serio's notes indicated Petitioner reported he was "doing pretty well," and only became sleepy in the evenings. (AR 483.)

The ALJ cited Petitioner's school and work activity, which the ALJ concluded belied Petitioner's assertions of incapacitating narcolepsy. For instance, at the time of the hearing, Petitioner was in school for approximately twenty hours each week, and worked an additional ten hours per week. Although he alleged disability on July 1, 2008, his work earnings were higher in 2009 than in any other year. The ALJ noted also Petitioner's daily activities, such as going to the gym, socializing, attending school activities, meeting with friends, preparing meals, grocery shopping, and otherwise caring for himself. Petitioner reported going to barbeques and football games, and attending church regularly. (AR 238.) Also, Petitioner reported being able to go on walks, bike rides, attend school, and other sports events. A claimant's daily activities can form the basis of an adverse credibility finding when they contradict his testimony of totally disabling symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ noted that Petitioner is allowed extra time for tests due to his condition, but otherwise gave the "disability determination" issued by the university no weight. Petitioner cited no legal authority supporting his contention that a school disability determination constitutes persuasive evidence on the ultimate issue of disability in the social security disability context.

Petitioner asserted that the ALJ's written opinion should be discredited on the issue of disability because ALJ Hartman did not sign the decision. However, the record indicates that ALJ Shuman signed the decision "for ALJ Hartman," and nothing in the

**MEMORANDUM DECISION AND ORDER - 9**

record indicates that anyone other than ALJ Hartman authored the decision. (AR 19.) Further, Petitioner cites no legal authority to support his argument.

Based upon the record as a whole, the ALJ gave specific, clear, and convincing reasons for rejecting the severity of Petitioner's impairments as alleged by Petitioner. The Court will not second-guess the credibility finding of the ALJ, as Petitioner suggests.

**2.      Physician Testimony**

Ninth Circuit cases distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r*

**MEMORANDUM DECISION AND ORDER - 10**

of *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999). Also, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Petitioner argues the ALJ failed to give appropriate weight to the opinions of Dr. Serio and Dr. Swanson. Dr. Serio on July 6, 2009, authored a letter in support of Petitioner's disability claim for accommodations at school. (AR 409.) In the letter, Dr. Serio opines that Peittioner has "major functional deficits," requires a supportive work environment, and that his condition may worsen over time. Dr. Serio indicated also that Petitioner's depression was not well controlled. Dr. Serio also completed a "check the box" questionnaire, in which he noted Petitioner had marked limitations, and met the criteria for Listing 12.04, Affective Disorders. AR 635.) Finally, Dr. Serio in 2008 indicated that Petitioner would need adjustments to his schedule to avoid sleepy periods. (AR 643.)

The ALJ rejected Dr. Serio's opinions regarding the ultimate issue of disability, citing specific evidence in the record contradicting Dr. Serio's opinions. Specifically, the ALJ noted the contradictory chart notes, Petitioner's daily activities, and Petitioner's lack of credibility, discussed above. Further, Dr. Serio's chart notes consistently noted

**MEMORANDUM DECISION AND ORDER - 11**

Petitioner's narcolepsy was "well controlled" on medication, and as of January 2009, Plaintiff self-reported "no narcoleptic events."

As for Petitioner's depression, Petitioner contends the ALJ failed to consider Dr. Serio's conclusions and Dr. Swanson's report of functional limitations regarding Petitioner's depression. However, again, the ALJ noted the evidence in the record that indicated Petitioner's depression was well controlled with mediation. Further, the ALJ noted that Dr. Swenson prescribed a new medication, and that by September 19, 2009, Petitioner reported he was doing much better overall. (AR 16.)

The ALJ's summary of the medical evidence in the record supports his finding that Petitioner's impairments were well controlled with medication when Petitioner was consistently taking it. *See Warre v. Comm'r of Soc. Sec. Admin*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for Social Security benefits).

### 3. Further Development of the Record

Petitioner argues the ALJ failed to properly develop the record and allow Petitioner's witness to testify. However, "an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). An ALJ may discharge his duty to "conduct an appropriate inquiry" in many ways, including: "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the

hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ's duty to be especially diligent in the case of an unrepresented claimant does not apply when the claimant is represented by an attorney at the hearing. *Chaudhry v. Astrue*, 688 F.3d 661, 669 (9th Cir. 2012). Here, Petitioner alleges the ALJ failed to develop the record in two areas—not allowing Petitioner's counsel to cross-examine his client and the medical expert, and not allowing lay witness testimony.

The Court has reviewed the hearing transcript. Petitioner does not identify how the record is deficient, or how being given more time would have changed the ultimate outcome of the case. Upon review of the record as a whole, it is clear that the ALJ's decision, and the record of Petitioner's contradictions, "make it plain that the ALJ would have reached the same conclusion" even had he permitted Petitioner's counsel to develop the record more fully, cross examine her client, or allow the lay witness to testify about how Petitioner falls asleep during the day. *See Ludwig v. Astrue*, 681 F.3d 1047, 1055 (9th Cir. 2012) (explaining harmless error standard). The ALJ based his determination upon the reports Petitioner gave to his treating physicians, his self-reports regarding the extent of his daily activities, his current success in school, and his ability to hold a part-time job at the same time.

Finally, Petitioner contends the ALJ failed to follow certain provisions of the agency's POMS in developing Petitioner's testimony regarding narcolepsy. "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068,

**MEMORANDUM DECISION AND ORDER - 13**

1073 (9th Cir. 2010). Rather, POMS and the interpretations in it "are 'entitled to respect,' but 'only to the extent that those interpretations have the power to persuade.'" *Id.* (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (internal quotations omitted)). The persuasive force of the guidance provided in POMS depends on "the thoroughness evident in its consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements," among other factors. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). One additional factor is the extent to which an interpretation in POMS relates to a regulation that imposes a mandatory obligation or merely requires "consideration" of certain evidence. *Lockwood*, 616 F.3d at 1072–73.

The POMS section Petitioner cites is a passage regarding how to diagnose narcolepsy. It explains that often, a routine EEG is normal, and therefore it is important to obtain a description of medications, response to medications, and an adequate description of the claimant's narcoleptic attacks. (Pet. Br. at 19.) In this case, the POMS section cited is irrelevant. The ALJ accepted the diagnosis of Petitioner's narcolepsy, and instead, discredited Petitioner's subjective reports of its severity based upon the record as a whole.

Accordingly, the Court finds no error. The ALJ's development of the record was adequate. To the extent any error was made, it was harmless and would not have altered the outcome.

# CONCLUSION

The Court will affirm the ALJ's decision that Petitioner was not disabled for the period July 2008, up through the date of the decision on March 31, 2011. The ALJ's decision was supported by substantial evidence in the record as a whole, and was not the product of legal error.

# ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, it is hereby **ORDERED** that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

Dated: **March 17, 2014**

Honorable Candy W. Dale
United States Magistrate Judge